THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 
 Ronald I. Paul, Appellant,
 
 
 
 
 

v.

 
 
 
 South Carolina
 Department of Transportation; Paul D. de Holczer, Individually and as a
 Partner of the Law Firm of Moses Koon & Brackett, PC; G.L. Buckles, as
 Personal Representative of the Estate of Keith J. Buckles and G.L. Buckles;
 Michael H. Quinn, Individually and as Senior Lawyer of Quinn Law Firm, LLC;
 J. Charles Ormond, Jr., Individually, and as a partner of the Law Firm of
 Holler, Dennis, Corbett, Ormond, Plante & Garner, Respondents.
 
 
 
 

Appeal From Richland County
 Joseph M. Strickland, Special Circuit
Court Judge

Unpublished Opinion No. 2010-UP-504
 Submitted November 1, 2010  Filed
November 19, 2010    

AFFIRMED 

 
 
 
 Ronald I. Paul, pro se, of Columbia, for
 Appellant.
 B. Michael Brackett, J. Charles Ormond,
 Jr., Mark Weston Hardee, Michael H. Quinn, Sr., and Natalie J. Moore, all of
 Columbia, for Respondents.
 
 
 

PER CURIAM: Ronald I. Paul appeals the order of the
 circuit court granting the Respondents' motion to dismiss arguing the circuit
 court erred in (1) finding the statute of limitations barred his cause of
 action for civil conspiracy; (2) finding his complaint failed to state a cause
 of action for civil conspiracy; (3) finding he was attempting to litigate
 claims previously litigated in a previous suit between the same parties; (4)
 failing to consider his motion to strike; and (5) not considering his motion
 for summary judgment.  We affirm[1] pursuant to Rule 220(b)(1), SCACR, and the following authorities:   
1. As to whether the circuit
 court erred in determining the statute of limitations barred Paul's claim for
 civil conspiracy: S.C. Code Ann. § 15-3-530 (5) (2005) (providing the statute
 of limitations for an action sounding in tort is three years); Gibson v.
 Bank of Am. N.A., 383 S.C. 399, 406, 680 S.E.2d 778, 782 (Ct.
 App. 2009) ("The standard as to when the limitations period begins to run
 is objective rather than subjective. Therefore, the limitations period 'begins
 to run when a person could or should
 have known, through the exercise of reasonable diligence, that
 a cause of action might exist in his or her favor, rather than when a person
 obtains actual knowledge of either the potential claim or of the facts giving
 rise thereto.'" (emphasis omitted)).
2. As to the remaining
 issues: Rule 220(b)(2), SCACR ("The Court of Appeals need not address a
 point which is manifestly without merit.").
AFFIRMED.
FEW, C.J., HUFF, J., and
 CURETON, A.J., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.